**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DANA BOOKER,** | ) | **CASE NO. 1: 18 CV 2416** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **CITY OF CLEVELAND,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Plaintiff Dana Booker has filed a *pro se* Complaint in this matter against the City of Cleveland, the "Division of Water and Pollution Control," "Cleveland City Council - Ward 1," and the Northeast Ohio Regional Sewer District. (Doc. No. 1.) His Complaint alleges "Negligence" against all of the Defendants in connection with their failure to address persistent problems in the sewer system, which has caused severe flooding and significant

property damage to the Plaintiff's home and property over the course of many years. The Plaintiff's Complaint indicates he is asserting federal subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332. He seeks $10 million in damages and a refund of his property taxes.

The City of Cleveland, Division of Water and Pollution Control, and Cleveland City Council – Ward 1, have filed a Motion to Dismiss the Plaintiff's Complaint for lack of federal subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Doc. No. 3.) The moving Defendants assert there is no diversity jurisdiction in the case because the Plaintiff "indicated on his Complaint that he is an Ohio resident suing Ohio defendants." (*Id*. at 5.) Additionally, they contend the Complaint does not allege any claim arising under federal law.

The Plaintiff has not responded to the Motion to Dismiss, and upon review, the Motion is granted.

Federal courts are courts of limited jurisdiction, and a party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear a case. *Kokkenen v. Guradian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have subject-matter jurisdiction only over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs, 28 U.S.C. § 1332.

The Plaintiff has not demonstrated either federal question or diversity jurisdiction in this case. There is no diversity jurisdiction because the Plaintiff represents that all of the parties are citizens of the same State, Ohio. Further, the Plaintiff has not articulated a

cognizable federal question, and no federal question is reasonably discernible on the face of his pleading.

## Conclusion

Accordingly, the moving Defendants' Motion to Dismiss this action for lack of federal subject-matter jurisdiction is granted, and this action is dismissed as against all Defendants. Should the Plaintiff wish to pursue his Negligence claims, he must do so in State court. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                            s/ Christopher A. Boyko
                                                            **CHRISTOPHER A. BOYKO**
                                                            **United States District Judge**

**Dated:** February 8, 2019